IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGRI-BEST HOLDINGS, LLC, individually and d/b/a Protein Solutions,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GOLD LABEL FOODS, INC.<br><br>Defendant. | Case No.: 10 C 07252<br><br>Judge Charles P. Kocoras |

## DEFENDANT AMERICAN GOLD LABEL FOODS, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW Defendant, AMERICAN GOLD LABEL FOODS, INC. by and through its undersigned attorney and files this its Answer and Affirmative Defenses to Plaintiff's Complaint and its Counter Claim thereto and states as follows:

### PARTIES

1. On October 5, 2010, the Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The filing of the Debtor's Chapter 11 Petition commenced a bankruptcy case pending before the Honorable Eugene Wedoff and styled as *In re Agri-Best Holdings, LLC*, No. 10-44595.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 1 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

2. The Plaintiff has continued to manage its estate as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a), including the right to bring litigation on behalf of its estate pursuant to 11 U.S.C. §§ 323(a) and 323(b).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 2 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

3. The Plaintiff is a privately held Illinois limited liability company with its principal place of business in Chicago, Illinois. The Plaintiff, which does business under the trade name of "Protein Solutions," is a processor and distributor of portion control meat products to national restaurant chains, food distributors, and consumers. Plaintiffs Members are residents of Illinois and one is a resident of the State of Colorado.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 3 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

4. The Defendant, AGLF, was incorporated in the State of Florida and its principal place of business located at 6175 N.W. 153rd Street, Suite 401, Miami Lakes, FL 33014. AGLF is a former customer of the Plaintiff.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits paragraph 4 of Plaintiff's Complaint to the extent that it is a Florida corporation with its principal place of business in Miami, Florida but is without knowledge as to the allegation that it was a former customer of the Plaintiff and demands strict proof thereof.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332(a) in that there is a diversity of citizenship and the amount in controversy is in excess of $75,000.00.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 5 of the Jurisdiction and Venue

allegations contained in Plaintiff's Complaint and as a result thereof, denies said allegations and demands strict proof thereof.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (a)(2) in that the contract between Protein and AGLF, from which this dispute arises, was entered into in Chicago, Illinois.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 6 of the Jurisdiction and Venue allegations contained in Plaintiff's Complaint and as a result thereof, denies said allegations and demands strict proof thereof.

## COUNT I
## BREACH OF CONTRACT

7. Beginning on or around June 2008, Defendant from time-to-time, tendered purchase orders for the purchase of certain meat products sold by Protein. Protein tendered and caused to be delivered meat purchases pursuant to AGLF's orders and specifications in accordance with the purchase orders.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits that on or about June of 2008 and from time to time thereafter, Defendant tendered purchase orders for purchase of meat products sold by Plaintiff. Defendant denies that Plaintiff tendered and caused to be delivered meat purchased pursuant to AMERICAN GOLD LABEL FOODS, INC. specifications in accordance with the purchase order and demand strict proof thereof.

8. AGLF agreed to pay Protein pursuant to the purchase orders and resulting invoices prepared by Protein for AGLF's orders in accordance with Protein's pricing for the various products. (See Exhibit A).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 8 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

3

9. For a period of time, AGLF paid Protein for its purchases but fell behind yet continued to order more products from Protein. Protein for some period of time continued to honor AGLF's purchase orders believing that AGLF intended to fully pay Protein for its products.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits that for a period of time it paid Plaintiff for purchases but denies that said invoices were accurate and as more specifically set forth within Defendant's affirmative defenses set forth below states that it over paid the Plaintiff and was provided with goods and products that were not of good quality, not merchantable or marketable, were mislabeled and missing products, and were old and inferior products due to the age or the storage of the product and were black or gray in color; and is without knowledge as to the remainder of paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Attached hereto and incorporated herein by this reference is Exhibit A, which is a true and correct statement reflecting all sums owed to Protein from AGLF for products ordered by AGLF and delivered by Protein that remain unpaid. Protein has corresponding invoices for each entry contained in the statement (Ex. A) representing the total indebtedness owed to Protein from AGLF for products tendered by Protein to AGLF.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 10 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

11. The total amount due by AGLF to Protein for goods tendered and expenses paid by Protein on Defendant's behalf is $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 11 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

12. Despite repeated assurances by Defendant that it would pay Protein the outstanding balance owed to Protein, Defendant failed, neglected or refused to pay the same, leaving an unpaid balance of $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 12 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant's failure and refusal to pay the amount due Protein constitutes a breach of its oral contract with Protein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 13 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

14. Pursuant to 815 ILCS 205/2, Protein is entitled to receive interest at the rate of five percent (5%) per annum for all amounts after they became due Protein from Defendant.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 14 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

## COUNT II
## ACCOUNT STATED

1-15. Protein adopts and re-alleges paragraphs 7 through 14 of Count I as and for paragraph 15 of Count II as though fully recited herein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. files this its Answer in the alternative to paragraph 15 of Count II of Plaintiff's Complaint and states as to paragraph 15 contained within Count II of Plaintiff's Complaint for Account Stated also listed as number 1-15 that as to the allegations realleged by reference therein, Defendant, AMERICAN GOLD LABEL FOODS, INC. repeats and realleges by reference its previous answers to paragraph 7 through 14 contained within Count I of Plaintiff's Complaint re-incorporated by referenced by Plaintiff within Count II of its Complaint with the same force and affect as if fully set forth herein and demands strict proof thereof.

16. Prior to Protein filing this Complaint, Defendant retained Protein's statement of account and all invoices without objection. (Exhibit A).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 16 contained within Count II of Plaintiff's Complaint and demands strict proof thereof.

17. The receipt and retention by Defendant of Protein's statement of account and invoices constitutes recognition by Defendant of the correctness of the statement and invoices and a promise to pay the balance due thereunder. Accordingly, there exists an account stated between Protein and Defendant pursuant to which Defendant owes Protein $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 17 contained within Count II of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III
## QUANTUM MERUIT

1-18. Protein adopts and re-alleges paragraphs 7 through 17 of Count I and II as and for paragraph 18 of Count Was though fully recited herein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. files this its Answer in the alternative to paragraph 18 of Count III of Plaintiff's Complaint and states as to paragraph 18 of Count III of Plaintiff's Complaint for Quantum Meruit also listed as number 1-18, Defendant, AMERICAN GOLD LABEL FOODS, INC. states as to the allegations repeated and realleged by reference by Plaintiff therein, Defendant repeats and realleges by reference its previous answers to paragraph 7 through 17 of Count I and Count II reincorporated by reference by Plaintiff within

Count III of its Complaint with the same force and effect as if fully set forth herein and demands strict proof thereof.

19. Protein's tendering of specific products carried the implied promise that Defendant would pay for such goods received to the value of such products.

**ANSWER**:

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations contained in paragraph 19 of Count III of Plaintiff's Complaint for Quantum Meruit and demands strict proof thereof.

20. Protein did tender goods to the Defendant which were accepted by Defendant entitling Protein to compensation under the doctrine of *Quantum Meruit* in the amount of $900,326.50, equaling the value of such products, plus costs and statutory interest.

**ANSWER**:

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations contained in paragraph 20 of Count III of Plaintiff's Complaint for Quantum Meruit and demands strict proof thereof.

21. All allegations contained within Plaintiff's Complaint not previously responded to are hereby denied and strict proof is demanded thereof.

## **AFFIRMATIVE DEFENSES**

1. The goods and/or products Plaintiff seeks payment for were defective goods and/or not merchantable at the time they were delivered by Plaintiff to the Defendant and as a result thereof Defendant is entitled to a credit and/or set off for the amount of the defective goods.

2. That the goods and/or products Plaintiff seeks payment for were not merchantable or reasonably fit for the purposes for which they were sold and intended to be used and as a result thereof, Defendant is entitled to a set off or credit for the amount of said goods.

7

3. That the goods and products sold and delivered by Plaintiff were not in accordance with and violated Plaintiff's Express and/or Implied Warranty of Merchantability for the products sold to the Defendant which products were not fit for sale due to the condition and coloring of a good portion of the goods in question, and as a result thereof, Defendant is entitled to a set off and/or a credit for the costs of goods claimed by the Plaintiff.

4. The invoice pricing submitted by the Plaintiff to the Defendant was not in accordance with the terms and conditions of the contract between the parties. Said invoices contained double billings and/or over pricing, and/or incorrect pricing and as a result thereof, the amount claimed by the Plaintiff is not due and owing and Defendant is entitled to a set off or credit for said amounts.

5. Defendant was unable to sell a large portion of the products delivered by the Plaintiff or in the alternative were required to discount the products delivered by Plaintiff due to the poor condition of the products which were either returned by Defendant's clients to the Defendant or disposed of by the Defendant's clients, or due to the bad quality and poor condition and poor coloring of the product in question which were dark, gray, or black and had to be substantially reduced in price.

6. That the goods and products Plaintiff sold and delivered to the Defendant during the period set forth in Exhibit A to Plaintiff's Complaint during the period on or about July 2010 through October 2, 2010 were not the quality of products as agreed upon by the parties, were not in good or merchantable or marketable condition, were old and inferior products, of bad quality due to age or the storage of the products, were gray, or black, or dark in color and not fit for their intended use.

7. That as a direct and proximate result of the defective unmerchantable quality of the products delivered by Plaintiff, Defendant lost customers resulting in substantial loss of income and damages.

8. That the goods and products Plaintiff seeks payment for were defective goods which were not merchantable at the time they were sold and delivered by Plaintiff to the Defendant.

9. That prices and pricing of the products Plaintiff charged Defendants for the goods and products shipped throughout the parties business relationship were not charged in accordance with the agreement and contract between the parties or in accordance with the understanding between the parties and as a result thereof, Defendant is entitled to a set off and credit for the amounts incorrectly overcharged the Defendant by the Plaintiff during the period June 2008 through October 2010.

10. That a portion of the products previously shipped to Defendant by Plaintiff contained E. coli and failed to pass USDA requirements.

WHEREFORE, Defendant files this its Answer and Affirmative Defenses to Plaintiff's Complaint and demands strict proof thereof.

Defendant demands trial by jury of all issues triable as a matter of law.

## **COUNTERCLAIM**

## **JURISDICTION, PARTIES, AND VENUE**

1. This is an action for damages in excess of $75,000 within the exclusive jurisdiction of this Court.

2.      Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332(a) there exists a diversity of citizenship and the amount in controversy is in excess of $75,000.

3.      Venue is proper in Chicago, Illinois in the Northern District pursuant to 28 U.S.C. § 1391(a)(2) due to the fact that the Counter Defendant, AGRI-BEST HOLDING, LLC's principal place of business is in Chicago, Illinois.

4.      That Plaintiff Counter Defendant, AGRI-BEST HOLDING, LLC. is a privately held limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois doing business under the name of "Protein Solutions" whose principal business operation was the sale and distribution of meat products.

5.      Plaintiff Counter Defendant, AGRI-BEST HOLDING, INC., individually and d/b/a Protein Solutions, is presently in Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois under Case No. 10-44595 and pursuant to 11 U.S.C. §§ 1107, 1108 and 323, has the power and right to seek recovery and asserts claims on behalf of the Plaintiff Counter Defendant in court actions, and as a result thereof also has the power, right, and duty to defend all claims or counter claims arising out of any recovery action instituted by it, including but not limited to the above and foregoing Complaint and below stated counter claim of Defendant, Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.

6.      Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC. is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida with its Stockholder being a Florida resident.

## COUNT I

## BREACH OF CONTRACT

7. Defendant Counter Plaintiff repeats and realleges by reference paragraphs 1 through 6 of the jurisdiction, parties, and venue section of Defendant Counter Plaintiff's Counter Claim with the same force and effect as if fully set forth herein.

8. Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS INC. and Plaintiff Counter Defendant, AGRI-BEST HOLDING, LLC d/b/a Protein Solutions, entered into a beef supplier agreement on or about June 2008 wherein Plaintiff Counter Defendant agreed to provide good quality fresh American beef warranting its merchantability, good color, and quality and good condition of its product for sale to the Defendant Counter Plaintiff at agreed upon prices.

9. Defendant Counter Plaintiff is in the six (6) pack business (the six (6) pack industry is defined as any home food service delivery company containing a case of meat with a variety of items) which Plaintiff Counter Defendant agreed to package for the Defendant Counter Plaintiff and ship it to its designated sites.

10. Plaintiff Counter Defendant AGRI-BEST HOLDING, LLC d/b/a Protein Solutions breached its contract with Defendant Counter Plaintiff AMERICAN GOLD LABEL FOODS, INC. by failing in particular during its last six (6) months of operation, May, June, July, August, September, and October of 2010 to deliver consistent quality food products until Plaintiff Counter Defendant went out of business on or about October 2010 without any warning or notice to Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.

11. That Plaintiff Counter Defendant breached its contract with Defendant Counter Plaintiff by failing to provide fit and proper food products to Defendant Counter Plaintiff during

the period May 2010 through October 2010, which it knew or should have known would cause Defendant Counter Plaintiff the loss of customers and the loss of its market position in the six (6) pack industry as a direct and proximate result of the defective food products provided Defendant Counter Plaintiff by Plaintiff Counter Defendant just prior to Plaintiff Counter Defendant going out of business who shipped products that were not fit for sale due to the condition and coloring of a good portion of the goods in question.

12. Plaintiff Counter Defendant breached its contract with Defendant Counter Plaintiff by submitting invoices that were not in accordance with the terms and conditions of the contract between the parties. Said invoices contained double billing and/or over pricing and/or incorrect pricing and the invoices did not match the purchase orders.

13. As a direct and proximate of Defendant's breach of contract and discoloration of the meat in question and the incorrect pricing, over pricing, duplicate pricing, Defendant Counter Plaintiff suffered damages resulting in the loss of business and the payment of incorrect amounts over the period of June 2008 through October 2010 in an amount estimated to be in excess of $500,000.

14. That Plaintiff Counter Defendant knew or in the exercise of reasonable care should have known that its failure to provide fit and proper food products during the last six (6) months of its operation May through October 2010 would cause Defendant Counter Plaintiff the loss of customers and the loss of its market position in the six (6) pack industry as a direct and proximate result of the condition of the food products provided by Plaintiff Counter Defendant to the Defendant Counter Plaintiff prior to it going out of business.

WHEREFORE, Defendant Counter Plaintiff demands judgment against Plaintiff Counter Defendant for damages in excess of $75,000 plus costs and statutory interest and requests the court grant such other further relief as the court deems just and proper.

Defendant Counter Defendant demands trial by jury of all issues triable as a matter of law.

## COUNT II

### BREACH OF WARRANTY OF MERCHANTABILITY

15. Defendant Counter Plaintiff repeats and realleges by reference paragraphs 1 through 6 of the jurisdictional, parties, and venue section of Defendant Counter Plaintiff's Counter Claim with the same force and effect as if fully set forth herein.

16. That Defendant Counter Plaintiff and Plaintiff Counter Defendant entered into a beef supplier agreement on or about June 2008 in consideration of the Plaintiff Counter Defendants representations and warranty of the merchantability of its products both express and implied and Plaintiff Counter Defendant's agreement to sell Defendant Counter Plaintiff good fresh American beef that was good in color and of good quality to be used for sale to Defendant Counter Plaintiff's customers at an agreed upon price.

17. That at all times relevant and material hereto and prior to the parties entering into an agreement for purchase and sale of the meat products in question and throughout the parties' relationship, the Plaintiff Counter Defendant warranted that the meat products sold to the Defendant Counter Plaintiff were merchantable and fit for the purposes for which the goods were to be used.

18. Defendant Counter Plaintiff is in the six (6) pack business (the six (6) pack industry is defined as any home food service delivery company containing a case of meat with a

variety of items) which Plaintiff Counter Defendant agreed to package for the Defendant Counter Plaintiff and ship to Defendant Counter Plaintiffs customers.

19. Plaintiff Counter Defendant AGRI-BEST HOLDING, LLC d/b/a Protein Solutions breached its warranty of merchantability with Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC. by failing in particular during its last six (6) months of operation, May, June, July, August, September, and October of 2010 to deliver consistent quality food products to Defendant Counter Plaintiff's customer until Plaintiff Counter Defendant went out of business on or about October 2010 without any warning or notice to Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.

20. That Plaintiff Counter Defendant breached both its express and implied of merchantability of its products with Defendant Counter Plaintiff by failing to provide fit and proper food products to Defendant Counter Plaintiff during the period May 2010 through October 2010, which it knew or should have known would cause Defendant Counter Plaintiff the loss of customers and the loss of its market position in the six (6) pack industry as a direct and proximate result of the defective food products provided Defendant Counter Plaintiff by Plaintiff Counter Defendant just prior to Plaintiff Counter Defendant going out of business who shipped products that were not fit for sale due to the condition and coloring of a good portion of the goods in question to Defendant Counter Plaintiff's customers.

21. As a direct and proximate of Defendant's breach of its express and implied warranty of merchantability, and due to the quality and condition of the products it sold and delivered to Defendant Counter Plaintiffs customers, Defendant Counter Plaintiff suffered damages resulting in the loss of business and the payment of incorrect amounts over the period of June 2008 through October 2010 in an amount estimated to be in excess of $500,000.

22. That Plaintiff Counter Defendant knew or in the exercise of reasonable care should have known that its failure to provide fit and proper food products in accordance with its express and/or implied warranty of merchantability during the last six (6) months of its operation May through October 2010 would cause Defendant Counter Plaintiff the loss of customers and the loss of its market position in the six (6) pack industry as a direct and proximate result of the condition of the food products provided by Plaintiff Counter Defendant to the Defendant Counter Plaintiff prior to it going out of business.

WHEREFORE, Defendant Counter Plaintiff demands judgment against Plaintiff Counter Defendant for damages in excess of $500,000 plus costs, statutory interest, and requests the Court grant such other further relief as the Court deems just and proper.

Defendant Counter Plaintiff demands trial by jury of all issues triable as a matter of law.

## COUNT III

## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

23. Defendant Counter Plaintiff repeats and realleges by reference paragraphs 1 through 6 of the jurisdictional, parties, and venue section of Defendant Counter Plaintiff's counter claim with the same force and effect as if fully set forth herein.

24. Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC. and Plaintiff Counter Defendant, AGRI-BEST HOLDING, LLC d/b/a Protein Solutions entered into a beef supplier agreement on or about June 2008 wherein Plaintiff Counter Defendant agreed to provide Defendant Counter Plaintiff with good quality fresh American beef warranting its merchantability, good color, and quality and the good condition of its product for sale to the Defendant Counter Plaintiff at agreed upon prices.

25. That as a result of the business relationship between Defendant Counter Plaintiff AMERICAN GOLD LABEL FOODS, INC. and Plaintiff Counter Defendant, AGRI-BEST HOLDING, LLC d/b/a Protein Solutions Defendant Counter Plaintiff provided Plaintiff Counter Defendant with Defendant Counter Plaintiffs customer names, address, and shipping information pursuant to their business agreement so as to enable the Plaintiff Counter Defendant to ship meat products directly to Defendant Counter Plaintiff's customers including but not limited to Defendant Counter Plaintiff's Steak House Steaks, Inc. located in Louisiana whose meat orders averaged $75,000 to $125,000 per week.

26. That on or about July 2009 Plaintiff Counter Defendant AGRI-BEST HOLDING, LLC d/b/a Protein Solutions did intentionally and unjustifiably interfere with Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.'s contract and business relationship with Steak House Steaks, Inc. by directly contacting and contracting with Steak House Steaks, Inc. to directly provided Steak House Steaks, Inc. the same products it was purchasing from Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC. causing Steak House Steaks, Inc. to terminate its contract with Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.

27. That Plaintiff Counter Defendant prior to learning of Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC. contract and relationship with Steak House Steaks, Inc. had no knowledge of Steak House Steaks and had no business relationship with Steak House Steaks, Inc.

28. That the solicitation by Plaintiff Counter Defendant of Steak House Steaks, Inc. was intentional and unjustified interference with the business relationship that existed between

Steak House Steaks, Inc. and Defendant Counter Plaintiff, AMERICAN GOLD LABEL FOODS, INC.

29. That as a direct and proximate result of Plaintiff Counter Defendant, AGRI-BEST HOLDING, LLC individually and d/b/a Protein Solutions intentional and unjustified interference with Defendant Counter Plaintiff AMERICAN GOLD LABEL FOODS, INC.'s contract and business relationship with Steak House Steaks, Inc. Defendant Counter Plaintiff lost its contract and no longer supplies Steak House Steaks, Inc. with meat products and has suffered a loss of net income as a result of Plaintiff Counter Defendants unjustified interference amounting to no less than $640,000 as of date.

WHEREFORE, Defendant Counter Plaintiff demands judgment against Plaintiff Counter Defendant for damages in excess of $640,000 plus costs, and statutory interest, and requests the Court grant such other further relief as the Court deems just and proper.

Defendant Counter Plaintiff demands trial by jury of all issues triable as a matter of law.

AMERICAN GOLD LABEL FOODS, INC.

By: /s/ Suzanne Rollier
    One of its Attorneys

Christopher J. Murdoch
Suzanne E. Rollier
Holland & Knight LLP (#37472)
131 South Dearborn Street, 30th Floor
Chicago, Illinois 60603
(312) 263-3600

LAW OFFICES OF ANDREW W. HORN
Suite 2230, SunTrust International
Center, One S.E. 3rd Avenue
Miami, Florida 33131
Telephone: (305) 373-7789
Fax No.: (305) 372-9180

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **January 20, 2011** the foregoing Answer to Complaint, Affirmative Defenses and Counterclaim was filed with Clerk of the Court for the Northern District of Illinois using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registrants.

/s/Suzanne Rollier