IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGRI-BEST HOLDINGS, LLC, individually and d/b/a Protein Solutions | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 10 C 07252<br>) |
| v. | ) Judge Charles P. Kocoras<br>) |
| AMERICAN GOLD LABEL FOODS, INC. | )<br>)<br>) |
| Defendant. | ) |

## DEFENDANT AMERICAN GOLD LABEL FOODS, INC.'S ANSWER TO AMENDED COMPLAINT AND AMENDED AFFIRMATIVE DEFENSES

COMES NOW Defendant, AMERICAN GOLD LABEL FOODS, INC. by and through its undersigned attorney and files this its Answer and Amended Affirmative Defenses to Plaintiff's Amended Complaint thereto and states as follows:

### PARTIES

1.  On October 5, 2010, the Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The filing of the Debtor's Chapter 11 Petition commenced a bankruptcy case pending before the Honorable Eugene Wedoff and styled as *In re Agri-Best Holdings, LLC*, No. 10-44595.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 1 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

2.  The Plaintiff has continued to manage its estate as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a), including the right to bring litigation on behalf of its estate pursuant to 11 U.S.C. §§ 323(a) and 323(b).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 2 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

3. The Plaintiff is a privately held Illinois limited liability company with its principal place of business in Chicago, Illinois. The Plaintiff, which does business under the trade name of "Protein Solutions," is a processor and distributor of portion control meat products to national restaurant chains, food distributors, and consumers. Plaintiff's Members are described in detail below:

    a. Agri-Best Acquisitions Co., an Illinois corporation with its principal place of business in Chicago, Illinois.
    b. Square Ventures, LLC, an Illinois limited liability company with its principal place of business in Chicago, Illinois. Its members are Boleslaw Kulach, Kevin Davidson, and Chris Koziol who are citizens of Illinois, Texas, and Michigan, respectively.
    c. KD Holdings, LLC, an Illinois limited liability company with its principal place of business in Chicago, Illinois. Its only member is Kevin Davidson who is a citizen of Texas.
    d. The following members are all citizens of Illinois:
        i. Boleslaw Kulach
        ii. John Grele
        iii. Maria Bukowski
        iv. Wojciech Bukowski
        v. Christopher Chrobak
        vi. Zofia Bryjak
        vii. Stanley Chrobak
        viii. August Juryta
    e. The following members are all citizens of Colorado:
        i. Barbarah Koziol
        ii. Maria Koziol
        iii. Zofia Koziol
        iv. Artur Sobczak
        v. Anna Sobczak
        vi. Karol Sobczak
    f. The following members are all citizens of Texas:
        i. Kevin Davidson
        ii. Kathleen Schloth
    g. The following members are all citizens of Michigan:
        i. Jozef Koziol
        ii. Chris Koziol

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 3 of Plaintiff's Complaint and as a result thereof denies said allegations and demands strict proof thereof.

4. The Defendant, AGLF, was incorporated in the State of Florida and its principal place of business located at 6175 N.W. 153rd Street, Suite 401, Miami Lakes, FL 33014. AGLF is a former customer of the Plaintiff.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits paragraph 4 of Plaintiff's Complaint to the extent that it is a Florida corporation with its principal place of business in Miami, Florida but is without knowledge as to the allegation that it was a former customer of the Plaintiff and demands strict proof thereof.

### JURISDICTION AND VENUE

5. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332(a) in that there is a diversity of citizenship and the amount in controversy is in excess of $75,000.00.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 5 of the Jurisdiction and Venue allegations contained in Plaintiff's Complaint and as a result thereof, denies said allegations and demands strict proof thereof.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (a)(2) in that the contract between Protein and AGLF, from which this dispute arises, was entered into in Chicago, Illinois.

**ANSWER:** Defendant AMERICAN GOLD LABEL FOODS, INC. is without knowledge as to the allegations contained in paragraph 6 of the Jurisdiction and Venue allegations contained in Plaintiff's Complaint and as a result thereof, denies said allegations and demands strict proof thereof.

## COUNT I
## BREACH OF CONTRACT

7. Beginning on or around June 2008, Defendant from time-to-time, tendered purchase orders for the purchase of certain meat products sold by Protein. Protein tendered and caused to be delivered meat purchases pursuant to AGLF's orders and specifications in accordance with the purchase orders.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits that on or about June of 2008 and from time to time thereafter, Defendant tendered purchase orders for purchase of meat products sold by Plaintiff. Defendant denies that Plaintiff tendered and caused to be delivered meat purchased pursuant to AMERICAN GOLD LABEL FOODS, INC. specifications in accordance with the purchase order and demand strict proof thereof.

8. AGLF agreed to pay Protein pursuant to the purchase orders and resulting invoices prepared by Protein for AGLF's orders in accordance with Protein's pricing for the various products. (See Exhibit A).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 8 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

9. For a period of time, AGLF paid Protein for its purchases but fell behind yet continued to order more products from Protein. Protein for some period of time continued to honor AGLF's purchase orders believing that AGLF intended to fully pay Protein for its products.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. admits that for a period of time it paid Plaintiff for purchases but denies that said invoices were accurate and as more specifically set forth within Defendant's affirmative defenses set forth below states that it over paid the Plaintiff and was provided with goods and products that were not of good quality, not merchantable or marketable, were mislabeled and missing products, and were old and inferior

4

products due to the age or the storage of the product and were black or gray in color; and is without knowledge as to the remainder of paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Attached hereto and incorporated herein by this reference is Exhibit A, which is a true and correct statement reflecting all sums owed to Protein from AGLF for products ordered by AGLF and delivered by Protein that remain unpaid. Protein has corresponding invoices for each entry contained in the statement (Ex. A) representing the total indebtedness owed to Protein from AGLF for products tendered by Protein to AGLF.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 10 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

11. The total amount due by AGLF to Protein for goods tendered and expenses paid by Protein on Defendant's behalf is $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 11 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

12. Despite repeated assurances by Defendant that it would pay Protein the outstanding balance owed to Protein, Defendant failed, neglected or refused to pay the same, leaving an unpaid balance of $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 12 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant's failure and refusal to pay the amount due Protein constitutes a breach of its oral contract with Protein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 13 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

14. Pursuant to 815 ILCS 205/2, Protein is entitled to receive interest at the rate of five percent (5%) per annum for all amounts after they became due Protein from Defendant.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 14 contained within Count I of Plaintiff's Complaint and demands strict proof thereof.

## COUNT II
## ACCOUNT STATED

1-15. Protein adopts and re-alleges paragraphs 7 through 14 of Count I as and for paragraph 15 of Count II as though fully recited herein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. files this its Answer in the alternative to paragraph 15 of Count II of Plaintiff's Complaint and states as to paragraph 15 contained within Count II of Plaintiff's Complaint for Account Stated also listed as number 1-15 that as to the allegations realleged by reference therein, Defendant, AMERICAN GOLD LABEL FOODS, INC. repeats and realleges by reference its previous answers to paragraph 7 through 14 contained within Count I of Plaintiff's Complaint re-incorporated by referenced by Plaintiff within Count II of its Complaint with the same force and affect as if fully set forth herein and demands strict proof thereof.

16. Prior to Protein filing this Complaint, Defendant retained Protein's statement of account and all invoices without objection. (Exhibit A).

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 16 contained within Count II of Plaintiff's Complaint and demands strict proof thereof.

17. The receipt and retention by Defendant of Protein's statement of account and invoices constitutes recognition by Defendant of the correctness of the statement and invoices

and a promise to pay the balance due thereunder. Accordingly, there exists an account stated between Protein and Defendant pursuant to which Defendant owes Protein $900,326.50.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations in paragraph 17 contained within Count II of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III
## QUANTUM MERUIT

1-18. Protein adopts and re-alleges paragraphs 7 through 17 of Count I and II as and for paragraph 18 of Count Was though fully recited herein.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. files this its Answer in the alternative to paragraph 18 of Count III of Plaintiff's Complaint and states as to paragraph 18 of Count III of Plaintiff's Complaint for Quantum Meruit also listed as number 1-18, Defendant, AMERICAN GOLD LABEL FOODS, INC. states as to the allegations repeated and realleged by reference by Plaintiff therein, Defendant repeats and realleges by reference its previous answers to paragraph 7 through 17 of Count I and Count II reincorporated by reference by Plaintiff within Count III of its Complaint with the same force and effect as if fully set forth herein and demands strict proof thereof.

19. Protein's tendering of specific products carried the implied promise that Defendant would pay for such goods received to the value of such products.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations contained in paragraph 19 of Count III of Plaintiff's Complaint for Quantum Meruit and demands strict proof thereof.

20. Protein did tender goods to the Defendant which were accepted by Defendant entitling Protein to compensation under the doctrine of *Quantum Meruit* in the amount of $900,326.50, equaling the value of such products, plus costs and statutory interest.

**ANSWER:**

Defendant AMERICAN GOLD LABEL FOODS, INC. denies the allegations contained in paragraph 20 of Count III of Plaintiff's Complaint for Quantum Meruit and demands strict proof thereof.

21. All allegations contained within Plaintiff's Complaint not previously responded to are hereby denied and strict proof is demanded thereof.

## AMENDED AFFIRMATIVE DEFENSES

1. The goods and/or products Plaintiff seeks payment for were defective goods and/or not merchantable or reasonably fit for the purpose for which they were sold and intended to be used at time they were delivered by Plaintiff to the Defendant and as a result thereof Defendant is entitled to a credit and/or set off for the amount of the defective goods.

2. That the goods and products sold and delivered by Plaintiff were not fit for sale due to the condition and coloring of a good portion of the goods in question. Defendant is entitled to a set off and/or a credit for the costs of those goods.

3. The invoice pricing submitted by the Plaintiff to the Defendant was not in accordance with the terms and conditions of the contract between the parties. Said invoices contained double billings and/or over pricing, and/or incorrect pricing and as a result thereof, the amount claimed by the Plaintiff is not due and owing and Defendant is entitled to a set off or credit for said amounts overcharged Defendant by the Plaintiff during the period June 2008 through October 2011.

4. Defendant was unable to sell a large portion of the products delivered by the Plaintiff or in the alternative were required to discount the products delivered by Plaintiff due

8

to the poor condition of the products which were either returned by Defendant's clients to the Defendant or disposed of by the Defendant's clients, or due to the bad quality and poor condition and poor coloring of the product in question which were dark, gray, or black and had to be substantially reduced in price.

5. That the goods and products Plaintiff sold and delivered to the Defendant during the period set forth in Exhibit A to Plaintiff's Complaint during the period on or about July 2010 through October 2, 2010 were not the quality of products as agreed upon by the parties, were not in good or merchantable or marketable condition, were old and inferior products, of bad quality due to age or the storage of the products, were gray, or black, or dark in color and not fit for their intended use.

6. That as a direct and proximate result of the defective unmerchantable quality of the products delivered by Plaintiff, Defendant lost customers resulting in substantial loss of income and damages.

WHEREFORE, Defendant files this its Amended Affirmative Defenses to Plaintiff's Complaint and demands strict proof thereof.

Defendant demands trial by jury of all issues triable as a matter of law.

          AMERICAN GOLD LABEL FOODS, INC.

          By: /s/ Suzanne Rollier
              One of its Attorneys

Christopher J. Murdoch
Suzanne E. Rollier
Holland & Knight LLP (#37472)
131 South Dearborn Street, 30th Floor
Chicago, Illinois 60603
(312) 263-3600

LAW OFFICES OF ANDREW W. HORN
Suite 2230, SunTrust International
Center, One S.E. 3rd Avenue
Miami, Florida 33131
Telephone: (305) 373-7789
Fax No.:   (305) 372-9180

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **March 1, 2011** the foregoing Answer to Complaint, Affirmative Defenses and Counterclaim was filed with Clerk of the Court for the Northern District of Illinois using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registrants.

/s/Suzanne Rollier