UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGRI-BEST HOLDINGS, LLC, individually )
and d/b/a Protein Solutions, )
)
                Plaintiff, )
)
vs. )      10 C 7252
)
AMERICAN GOLD LABEL FOODS, INC., )
)
                Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Plaintiff Agri-Best Holdings, LLC's ("Agri-Best") motion to strike and/or dismiss Defendant American Gold Label Foods, Inc.'s ("American Gold") affirmative defenses and counterclaims, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) and 11 U.S.C. § 362(a). For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

In 2008, Agri-Best and American Gold entered into an agreement, whereby Agri-Best agreed to provide beef to American Gold. As part of the agreement, Agri-Best allegedly warranted the beef's merchantability and good color and condition. Over time, Agri-Best delivered beef but, in numerous instances, American Gold failed to pay because Agri-Best allegedly failed to provide quality beef.

On October 5, 2010, Agri-Best filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. Agri-Best's bankruptcy filing triggered an automatic stay of all actions against Agri-Best. Wells Fargo National Association ("Wells Fargo") has a security interest in all of Agri-Best's assets. On November 10, 2010, Agri-Best filed a Complaint against American Gold seeking to collect $900,326.50 for beef ordered by American Gold on various dates. Without seeking relief from the automatic stay, on April 27, 2011, American Gold filed its Second Amended Answer and asserted four affirmative defenses and three counterclaims. Agri-Best filed a motion to strike and/or dismiss American Gold's affirmative defenses and counterclaims.

## LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of a pleading. *In re HealthCare Compare Corp. Sec. Litig.*, 75 F.3d 276, 279 (7th Cir. 1996). A court grants a motion to dismiss when the counter-plaintiff alleges no set of facts entitling him or her to relief. *Id.* In ruling on a motion to dismiss, a court must accept the well-pleaded allegations of the counterclaim as true, construe the allegations in the light most favorable to the counter-plaintiff, and draw all reasonable inferences in favor of the counter-plaintiff. *See Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Further, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

# DISCUSSION

## I. This Court Dismisses American Gold's Counterclaims

Agri-Best argues that this Court must dismiss American Gold's counterclaims because the automatic stay bars claims against Agri-Best. American Gold responds that its counterclaims do not violate the automatic stay because the counterclaims are an allowable claim for recoupment.

Once a bankruptcy petition is filed, all entities are automatically stayed from commencing judicial action against the debtor or from doing any act to recover a pre-petition claim against the debtor. 11 U.S.C. §§ 362(a)(1), (6). The automatic stay, however, does not bar a counterclaim for recoupment against the debtor. *In re Chapman*, 265 B.R. 796, 807 (Bankr. N.D. Ill. 2001). A recoupment counterclaim exists where the alleged claims arise out of the same transaction or the claims are so closely intertwined that the court cannot fairly determine one without resolving the other. *In re Clark Retail Enterprises, Inc.*, 2003 WL 21991624, at *11 (Bankr. N.D. Ill. Aug. 18, 2003); *Chapman*, 265 B.R. at 807. Courts must narrowly construe the recoupment doctrine because it alters the Bankruptcy Code's policy favoring equal treatment of creditors. *Chapman*, 265 B.R. at 807.

Agri-Best asserts claims against American Gold based on American Gold's numerous failures to pay for beef. American Gold asserts three counterclaims against Agri-Best and argues that each counterclaim is a claim for recoupment. First, American

Gold asserts a breach of contract counterclaim based on Agri-Best's failure to deliver quality food products and over-billing. American Gold seeks damages for the loss of customers, the loss of its market position, and any amount incorrectly paid by American Gold. A recoupment counterclaim is "essentially a defense." *Clark*, 2003 WL 21991624, at *9. American Gold does not argue that Agri-Best's delivery of inferior products merely excuses its obligation to pay the money allegedly owed to Agri-Best. Rather, American Gold argues that Agri-Best's delivery of inferior products caused American Gold to lose customers and its market position. American Gold's counterclaim for damages for the loss of customers and the loss of its market position goes far beyond a defensive claim for recoupment and improperly seeks affirmative recovery from Agri-Best.[1] Further, American Gold's claim for over-billing is not a claim for recoupment, because the counterclaim arises out of different transactions than Agri-Best's claims. Specifically, American Gold's over-billing counterclaim relates to transactions for which American Gold has already paid Agri-Best, whereas Agri-Best's claims relate to transactions for which American Gold has not paid. Whether American Gold overpaid Agri-Best for beef in other transactions is a separate and distinct issue

---

[1] Courts also construe the recoupment doctrine narrowly where counterclaims are asserted against the United States. *See Olson v. United States*, 2010 WL 3023440, at *2 (N.D. Ill. July 30, 2010). Specifically, a defendant cannot seek relief in excess of, or different from, the relief sought against the defendant. *Id.* In *Olson*, the United States claimed that defendant failed to pay taxes and defendant counterclaimed that it, in fact, overpaid taxes and sought to recoup the overpayments. *Id.* at *3. The court found that defendant properly asserted a counterclaim for recoupment because both claims arose out of defendant's payment, or non-payment, of taxes. *Id.* This Court finds the reasoning in *Olson* persuasive and similarly prohibits American Gold from seeking relief different from the relief sought by Agri-Best.

from whether American Gold failed to pay for beef in the transactions alleged in Agri-Best's Complaint. Moreover, allowing American Gold's counterclaim to proceed would improperly give American Gold priority over the secured creditor, Wells Fargo, as well as any unsecured creditors. *Clark*, 2003 WL 21991624, at *11 (noting that equitable reasons must exist before a creditor attains priority over other creditors by recoupment and recoupment must comport with the Bankruptcy Code's notion that all unsecured creditors share equally in the debtor's estate). Given this Court's obligation to narrowly construe the recoupment doctrine in the bankruptcy context, American Gold's counterclaim does not constitute a claim for recoupment. Accordingly, this Court dismisses American Gold's first counterclaim.

Second, American Gold asserts a breach of warranty counterclaim based on Agri-Best's failure to delivery quality food products. Again, American Gold seeks damages for the loss of customers and the loss of its market position. As stated above, such a request for relief is not a claim for recoupment because American Gold improperly seeks affirmative relief and the claims are not so closely intertwined that this Court cannot fairly determine the amount of Agri-Best's claim without determining the other. Thus, this Court dismisses American Gold's second counterclaim.

Finally, American Gold asserts a counterclaim for tortious interference with a business relationship based on Agri-Best's solicitation of American Gold's customer.
`

from whether American Gold failed to pay for beef in the transactions alleged in Agri-Best's Complaint. Moreover, allowing American Gold's counterclaim to proceed would improperly give American Gold priority over the secured creditor, Wells Fargo, as well as any unsecured creditors. *Clark*, 2003 WL 21991624, at *11 (noting that equitable reasons must exist before a creditor attains priority over other creditors by recoupment and recoupment must comport with the Bankruptcy Code's notion that all unsecured creditors share equally in the debtor's estate). Given this Court's obligation to narrowly construe the recoupment doctrine in the bankruptcy context, American Gold's counterclaim does not constitute a claim for recoupment. Accordingly, this Court dismisses American Gold's first counterclaim.

Second, American Gold asserts a breach of warranty counterclaim based on Agri-Best's failure to delivery quality food products. Again, American Gold seeks damages for the loss of customers and the loss of its market position. As stated above, such a request for relief is not a claim for recoupment because American Gold improperly seeks affirmative relief and the claims are not so closely intertwined that this Court cannot fairly determine the amount of Agri-Best's claim without determining the other. Thus, this Court dismisses American Gold's second counterclaim.

Finally, American Gold asserts a counterclaim for tortious interference with a business relationship based on Agri-Best's solicitation of American Gold's customer.

American Gold's counterclaim is entirely unrelated to its failure to pay for beef. Accordingly, this Court dismisses American Gold's third counterclaim.

## II. This Court Strikes American Gold's Fourth Affirmative Defense

Agri-Best also asks this Court to strike and/or dismiss American Gold's first, second, and fourth affirmative defenses because they are improperly plead or redundant. American Gold's opposition to Agri-Best's motion to strike or dismiss does not address the affirmative defenses. American Gold's first affirmative defense is seemingly based on Agri-Best's breach of an express warranty relating to the beef's merchantability and good color and condition. Under the Illinois Uniform Commercial Code, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 810 Ill. Comp. Stat. § 5/2-313(1)(a). Here, American Gold alleges that Agri-Best agreed to provide goods of a certain quality and Agri-Best knew that the goods, if not delivered as represented, would be useless to American Gold. Because American Gold properly pleads this affirmative defense, this Court denies Agri-Best's motion to strike and/or dismiss American Gold's first affirmative defense.[2]

---

[2] Neither party addressed whether 810 Illinois Compiled Statutes section 5/2-607(3)(a) applies, so that American Gold had an obligation to notify Agri-Best that it breached the express warranty. For purposes of this motion, this Court assumes American Gold had no obligation to notify Agri-Best of the alleged breach of the express warranty.

American Gold premises its second and fourth affirmative defenses on the fact that Agri-Best breached the contract first by failing to provide beef of good color and condition. American Gold alleges that Agri-Best's prior breach excused American Gold's obligation to pay. American Gold properly alleges an affirmative defense based on Agri-Best's prior breach of the contract. However, this Court strikes American Gold's fourth affirmative defense because it is redundant and merely re-states the second affirmative defense.

For these reasons, this Court strikes American Gold's fourth affirmative defense and denies Agri-Best's motion to strike and/or dismiss the first and second affirmative defenses.

## CONCLUSION

For the foregoing reasons, this Court dismisses American Gold's counterclaims and strikes American Gold's fourth affirmative defense.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 11, 2011